UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61516-CIV-SINGHAL

AVIACOL USA, CORP., a Florida corporation,

    Plaintiff,

v.

THE COLOMBIAN AIR FORCE
PURCHASING AGENCY, a Miscellaneous
Foreign Government Organization,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion for Bill of Costs (DE [44]) and Motion for Attorney's Fees (DE [49]) (collectively, the "Motions"). The Motions were referred to the Honorable Alicia Valle, United States Magistrate Judge ("Judge Valle"), for a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. *See* (DE [45]); (DE [50]). Plaintiff Aviacol USA Corp. ("Plaintiff" or "Aviacol") filed a Response to the Motion for Bill of Costs (DE [47]), to which Defendant Colombian Air Force Purchasing Agency ("Defendant" or "CAFPA") filed a Reply (DE [48]). Plaintiff also filed a Response to the Motion for Attorney's Fees (DE [51]), to which Defendant filed a Reply (DE [52]).

Judge Valle issued a Report and Recommendation ("R&R") (DE [53]) on November 2, 2023 that addressed the Motions. In the R&R, Judge Valle recommended that Defendant's "Motion for Bill of Costs be granted[,] and [Defendant's] Motion for Attorneys' Fees be granted in part and denied in part. Defendant should be awarded

$30,191 in attorneys' fees and $400 in costs." (DE [53] at 1-2) (emphasis omitted). Specifically, Judge Valle recommends that attorneys' fees and costs be awarded because, under Florida law, Defendant is a prevailing party who is entitled to attorney fees after Plaintiff's notice of voluntary dismissal. (DE [53] at 4-6; 11-12).

Under 28 U.S.C. § 636(b)(1), the Court reviews the magistrate judge's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1). On the other hand, if a party files objections, the district court must determine *de novo* any part of the magistrate judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

The Court has carefully reviewed the Report & Recommendation (DE [53]), the Motion for Bill of Costs (DE [44]), the Motion for Attorney's Fees (DE [49]), Plaintiff's Objections (DE [54]), Defendant Response to the Objections (DE [55]), the record in this case, the applicable law, and is otherwise fully advised. In addition, the Court has conducted a *de novo* review of the R&R in light of the Plaintiff's objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court rejects the recommendation in Judge Valle's R&R.

I. **BACKGROUND AND LEGAL STANDARD**

There is no need to rework the facts, background, and applicable legal standards that were articulated by Judge Valle. This Court adopts Judge Valle's description of the

factual and procedural background and the applicable legal standards in the R&R (DE [53]) and incorporates that background by reference herein.

II. **DISCUSSION**

As Judge Valle pointed out, "the issue before the Court is whether Plaintiff's voluntary dismissal without prejudice renders Defendant the prevailing party entitled to fees and costs under the Agreement." (DE [53] at 4). In our case, it does not.

The general rule is that a defendant is considered a prevailing party when a plaintiff voluntarily dismisses an action. *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990). But *Thornber* was not the last word on this topic; since then, "the Florida Supreme Court has clarified that 'the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees.'" *Simon Prop. Grp., Ltd. P'ship v. Taylor*, 2021 WL 4432686 *3 (11th Cir. Sep. 27, 2021) (citing *Moritz v. Hoyt Enters., Inc.,* 604 So.2d 807, 809–10 (Fla. 1992)). To be considered the prevailing party on the significant issues, there must be "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (citing *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach,* 353 F.3d 901, 905 (11th Cir. 2003)). Neither of these situations occurred in our case.

To start, Defendant has not been awarded any relief with respect to the merits of this case. A review of the docket confirms this. Additionally, Plaintiff dismissed the case

before it effectuated service of process on Defendant; the merits of this case were therefore never even placed in dispute.

Before ending the analysis on this point, it is necessary to mention that Plaintiff voluntarily dismissed the case only after Defendant filed a motion to dismiss. But, the premise of the motion to dismiss was procedural in that Plaintiff had failed to effectuate service of process. Thus, if the Court had the opportunity to rule on the motion and found in Defendant's favor, the decision would have been based on a procedural defect and not on the merits of Plaintiff's breach of contract claim. So, to reiterate, prior to dismissal, the merits of this case were never placed in dispute. Defendant therefore could not have received relief as to some merits of this case prior to dismissal.

To be sure, Courts have deemed defendants to be the prevailing party when, as here, a plaintiff voluntarily dismisses a case in the face of a likely adverse ruling on a motion. *See, e.g.*, *Yampol v. Schindler Elevator Corp.*, 186 So. 3d 616, 617 (Fla. 3d DCA 2016). But our case is dissimilar from the cases where courts have made such findings, and the key difference is the type of likely adverse ruling that prompted the plaintiff's voluntary dismissal. In cases like *Yampol*, the likely adverse ruling was with respect to a motion for summary judgment—a dispositive motion on the merits of the case. *See id.* In our case, the likely adverse ruling was with respect to a motion to dismiss based on insufficient service of process, a procedural issue that does not speak to the merits of Plaintiff's complaint. When a plaintiff voluntarily dismisses a case before a likely adverse ruling on the merits of the case, it makes sense to bestow prevailing party status on the Defendant. But when, as here, the likely adverse ruling was with respect to a procedural issue that would not affect the plaintiff's ability to refile the case in another venue, it would

be a windfall to a defendant to bequeath them with prevailing party status.  Thus, Plaintiff's voluntary dismissal in the face of a likely adverse ruling on Defendant's motion to dismiss does not render Defendant as the prevailing party.

Moreover, Defendant cannot be deemed the prevailing party, because there has been no judicial imprimatur on the change in the legal relationship between the parties. Plaintiff dismissed this case under Fed. R. Civ. P. 41(a)(1)(A)(i).  (DE [41]).  "Under the plain language of the Rule, this kind of dismissal is 'without a court order,'" Fed. R. Civ. P. 41(a)(1), and therefore the district court placed no judicial imprimatur on the disposition of [Plaintiff's] attempt to change its legal relationship with [Defendant].  *Simon Prop. Grp., L.P. v. Taylor*, 2021 WL 4432686, at *2 (11th Cir. Sept. 27, 2021).  Thus, Defendant is not a prevailing party and not entitled to attorney's fees or costs.  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Judge Valle's Report and Recommendation (DE [53]) is **REJECTED**.  Defendant's Motion for Bill of Costs (DE [44]) and Motion for Attorney's Fees (DE [49]) are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of December 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF